UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DELARGE PARKER AND <br> GLADYS PARKER <br>     PLAINTIFFS <br> <br> VERSUS <br> <br> BINNING PROPERTIES, L.L.C., <br> AND TOWER CREDIT, INC. <br>     DEFENDANT | CIVIL ACTION NO. _____ <br> <br> <br> <br> COMPLAINT AND DEMAND <br> FOR A JURY TRIAL |

## COMPLAINT

### I. PRELIMINARY STATEMENT

**The complaint of Delarge Parker and Gladys Parker respectfully requests:**

1.

This is an action brought by homeowners against a lender, Binning Properties, L.L.C., who did not provide the proper disclosure required under 15 U.S.C. § 1639(a). Plaintiffs seek rescission and statutory damages under the Home Ownership and Equity Protection Act of 1994 (hereinafter "HOEPA"), 15 U.S.C. §§ 1602(aa) and 1639, and the Truth in Lending Act, 15 U.S.C. § 1601 et seq. and § 1640(a). The complaint also alleges violations of the "Equal Credit Opportunity" provisions of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1691, et seq. (hereinafter referred to as "ECOA"), and Regulation B, 12 C.F.R. § 202 (hereinafter referred to as "Regulation B") against defendant Tower Credit, Inc. Plaintiffs seek declaratory and injunctive relief, actual damages, punitive damages, costs, and attorney's fees under the ECOA. Plaintiffs also seek rescission of these transactions based upon fraud.

### II. JURISDICTION AND VENUE

2.

Jurisdiction of this Court exists pursuant to 15 U.S.C. § 1640(e) as to claims under HOEPA and the Truth-in-Lending Act ("TILA"), and under 15 U.S.C. § 1691e(f) . This Court has

jurisdiction to render the declaratory judgment Plaintiffs seek pursuant to 28 U.S.C. § 2201.

3.

Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4.

Plaintiff Delarge Parker, is a natural person who resides in East Baton Rouge Parish, Louisiana.

5.

Plaintiff Gladys Parker, is a natural person who resides in East Baton Rouge Parish, Louisiana.

6.

Defendant Binning Properties, L.L.C. ("Binning") is a Louisiana limited liability corporation who is a creditor under the TILA and HOEPA, because it extends credit secured by individual's dwellings more than twice per year and more than five times per year.  Binning's principal office is located at 3880 Florida Blvd., Baton Rouge, LA 70806.  Binning's registered agent for service of process in Louisiana is Stephen Binning, 3880 Florida Blvd., Baton Rouge, Louisiana.

7.

Defendant Tower Credit, Inc. ("Tower") is a Louisiana corporation which conducts consumer loan operations.  Tower's principal office is located at 3880 Florida Blvd., Baton Rouge, LA 70806. Tower's registered agent for service of process in Louisiana is Richard Bankston, 335 S. Acadian Thruway, Baton Rouge, Louisiana. At all times relevant hereto, Tower regularly extends, renews, or continues credit, arranges for the extension, renewal, or continuation of credit, or participates in the decision of whether or not to extend credit.

8.

At all relevant times, Binning regularly extended consumer credit payable by written agreement in more than four installments or for which a finance charge is imposed, for consumers'

dwellings.

## IV.  FACTUAL ALLEGATIONS REGARDING PLAINTIFF

9.

Plaintiffs own the home at 2827 Duke Street, Baton Rouge, Louisiana ("Residence") which is their principal dwelling.

10.

On October 30, 2007, plaintiffs applied for credit with Tower to refinance their home as they had an opportunity to pay off their first mortgage for $20,000, a discount of approximately $38,000 from the principal balance.

11.

Plaintiff Delarge Parker had dealt with Tower for approximately 20 years making numerous consumer loans with Tower, and felt that Tower could be trusted in refinancing their home.

12.

On October 30, 2007, they were informed by Stephen Binning, an employee of Tower that their home loan would be refinanced by Tower.

13.

Despite this reliance, Stephen Binning actually drafted documents for plaintiffs to sell their home to a third party, defendant Binning, for $42,000, and for the plaintiffs to purchase their home back through a bond for deed contract, for $69,743.48, payable over fifteen years at $837.88 per month, at a rate of 12% interest.

14.

Plaintiffs were never informed that they were selling their home nor that they had repurchased it through bond for deed contract. Plaintiffs were informed they had refinanced their home with defendant Tower instead.

15.

Under 15 U.S.C. § 1602(aa)(1) and 15 U.S.C. § 1639(b), Binning was required to give certain disclosures to plaintiffs not less than three days prior to consummation of the consumer credit transaction.

16.

Plaintiffs were never provided any of the disclosures required under 15 U.S.C. § 1639(b) nor were they ever provided documents with the annual percentage rate nor the finance charge in the form required by the TILA.

17.

Plaintiffs were falsely informed by Tower that they were approved for refinancing of their home through Tower when Tower actually did not refinance their home.

18.

Plaintiffs did not discover the true nature of this transaction until early 2008.

## V. CAUSES OF ACTION

### COUNT I–HOEPA

19.

Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

20.

The above-mentioned consumer credit transaction was a high rate mortgage within the meaning of HOEPA, 15 U.S.C. § 1602(aa)(1)(B), in that the total "points and fees" Binning charged Plaintiffs exceeded 6 percent of the total loan amount.

21.

Because the transaction described herein met the HOEPA definition of a high rate mortgage, the transaction was subject to additional disclosure requirements. The additional disclosures, including the "regular monthly payment," must be provided three days in advance of the consummation of the transaction. 15 U.S.C. § 1639(b).

22.

These disclosures were never provided to plaintiffs.

23.

Because of the violations of HOEPA and TILA listed above, Plaintiffs retain the right to rescind the transaction up to three years after its consummation and do so by filing this lawsuit.

**WHEREFORE,** Plaintiff pray for the following relief, pursuant to 15 U.S.C. §§ 1635(a), 1639(j), and 1640(a):

    a)    Rescission of the transaction, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed by Defendants;

    b)    A declaration that the security interest in Plaintiff's property created under the transaction is void, and an order requiring Defendants to release such security interest;

    c)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

    d)    Statutory damages of $2,000 (consisting of $2,000 for the disclosure violation);

    e)    Additional damages pursuant to 15 U.S.C. § 1640(a)(4) in the amount of all finance charges and fees paid by Plaintiff;

    f)    Forfeiture of return of loan proceeds;

    g)    Actual damages in an amount to be determined at trial;

    h)    An award of reasonable attorney's fee and costs; and

    I)    Such other relief at law or equity as this Court may deem just and proper.

## COUNT II-ECOA

24.

At no time did defendant Tower provide plaintiff with any written documents whatsoever in connection with the actions it took in response to plaintiffs' application for credit.

25.

As a direct and proximate result of defendant Tower's violations of the ECOA and Regulation

B, plaintiffs have suffered actual damages for their embarrassment, humiliation, mental distress, inconvenience, and possible loss of their home, defendant Tower is liable thereof, pursuant to §706(a) of the ECOA, 15 U.S.C. §1691e(a).

26.

The acts complained of herein were done by defendant intentionally, willfully, or purposefully fail to comply with the requirements of the ECOA, including but not limited to, section 1691(d), and of Regulation B, including but not limited to sections 202.9 and 202.12.

WHEREFORE, plaintiffs respectfully request that judgment be entered against the defendant Tower Credit, Inc. for:

(a) actual damages;

(b) injunctive and declaratory relief pursuant to 15 U.S.C. § 1691e(c);

(c) punitive damages pursuant to 15 U.S.C. § 1691e(b);

(d) attorney's fees pursuant to 15 U.S.C. § 1691e(d);

(e) costs; and

(f) for such other and further relief as may be just and proper.

**COUNT III-STATE LAW CLAIMS**

27.

Plaintiffs executed the act of sale and bond for deed contract not in front of a notary public, and the documents were later notarized by a notary at defendant Binning's request.

28.

In the alternative, plaintiffs seek rescission of these contracts selling their home to defendant Binning and the bond for deed contract from Binning to plaintiffs because their consent to do so was vitiated by fraud and because defendant Binning did not have the documents properly executed by authentic act.

WHEREFORE, plaintiffs respectfully request that judgment be entered against the defendant Binning Properties, L.L.C. for:

(a) actual damages;

(b) rescission of these transactions;

(c) attorney's fees;

(d) costs; and

(e) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

                                                     Respectfully submitted,

                                                     s/Garth J. Ridge  
                                                   **GARTH J. RIDGE**  
                                                   Attorney for Plaintiff  
                                                   Bar Roll Number:  20589  
                                                   251 Florida Street, Suite 301  
                                                   Baton Rouge, Louisiana 70801  
                                                   Telephone Number:  (225) 343-0700  
                                                   Facsimile Number: (225) 343-7700  
                                                   E-mail: GarthRidge@aol.com